UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRIAN BODNOVITS, | Case No. 20-12854 |
| Plaintiff, | Sean F. Cox |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Curtis Ivy, Jr. United States Magistrate Judge |
| Defendant. _____/ | |

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 18, 22)**

Plaintiff Brian Bodnovits ("Bodnovits") brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's motion for summary judgment (ECF No. 18), the Commissioner's cross-motion for summary judgment (ECF No. 22), and the administrative record (ECF No. 15).

For the reasons below, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment (ECF No. 18), **GRANT** Defendant's

motion for summary judgment (ECF No. 22), and **AFFIRM** the Commissioner's decision.

I.  **DISCUSSION**

    A.  **Background and Administrative History**

Plaintiff alleges his disability began on September 10, 2016, at the age of 31. (ECF No.15-2, PageID.61). He filed his applications for DIB and SSI on September 12, 2017. (*Id.*). In his disability report, he listed a number of ailments which negatively impacted his ability to work. (ECF No.15-8, PageID.522). The ailments included: (1) irritable bowel syndrome; (2) Bipolar Affective Disorder, mixed depressed. (*Id.*). His applications were denied on April 3, 2018. (ECF No.15-2, PageID.61).

Following the denial, Plaintiff requested a hearing by an Administrative Law Judge ("ALJ"). (*Id.*). On December 11, 2019, ALJ John Dodson held a hearing, at which Plaintiff and a vocational expert ("VE"), Helen F. Topcik, testified. (*Id.*). On January 24, 2020, the ALJ issued an opinion, which determined that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at PageID.74).

Plaintiff later submitted a request for review of the hearing decision. (*Id.* at PageID.84-86). On August 24, 2020, the Appeals Council denied Plaintiff's

request for review.  (*Id.* at PageID.52).  Thus, the ALJ's decision became the Commissioner's final decision.

Plaintiff timely commenced the instant action on October 24, 2020.

### B.   The Administrative Decision

Pursuant to 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), at **Step 1** of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 10, 2016, the alleged onset date.  (ECF No.15-2, PageID.63).  At **Step 2**, the ALJ found that Plaintiff had the following severe impairments: irritable bowel syndrome ("IBS"), non-alcoholic hepatic steatosis, major depressive disorder, generalized anxiety disorder ("GAD"), social phobia, post-traumatic stress disorder ("PTSD"), attentive deficit hyperactive disorder ("ADHD"), mild intellectual disabilities, and learning disability.  (*Id.* at PageID.63-64).  At **Step 3**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  (*Id.* at PageID.64).  **Between Steps 3 and 4** of the sequential process, the ALJ evaluated Plaintiff's residual functional capacity ("RFC")[1] and determined that Plaintiff had the RFC:

> to perform medium work … except he is also limited to
> unskilled work involving simple, routine, and repetitive

---

[1] The claimant's "residual functional capacity" is an assessment of the most the claimant can do in a work setting despite his or her physical or mental limitations.  20 C.F.R. §§ 404.1545(a), 416.945(a); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002).

> tasks and work involving one to two steps; no work with the public; only occasional interaction with co-workers and supervisors; no concentrated exposure to hazards including heights and machinery; and only very few changes in the work setting.

(*Id.* at PageID.68). At **Step 4**, the ALJ determined that Plaintiff could perform past relevant work as a warehouse worker. (*Id.* at PageID.73). The ALJ therefore concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, since September 10, 2016, through the date of the decision. (*Id.* at PageID.74).

### C. Framework for Disability Determinations

Disability is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In evaluating whether a claimant is disabled, the Commissioner is to consider, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; (4) can return to past relevant work; and (5) if not, whether he or she can perform

4

other work in the national economy. 20 C.F.R. §§ 404.1520, 416.920.[2] The Plaintiff has the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five to demonstrate that, notwithstanding the claimant's impairment, he retains the residual functional capacity to perform specific jobs existing in the national economy. *Richardson v. Sec'y of Health & Hum. Servs.*, 735 F.2d 962, 964 (6th Cir. 1984).

### D. Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. at 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. at 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241

---

[2] Citations to the regulations or Social Security Rulings are to those effective on the date of the application for disability benefits or the ALJ's decision, where appropriate, unless otherwise indicated.

(quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

E. **Analysis**

Plaintiff appears to make two arguments for remand. First, he argues as the ALJ ignored additional evidence of his IBS, remand was warranted. (ECF No. 18, PageID.1043). Second, he contends objective medical evidence supports his allegations of disability, thus the ALJ's decision was not supported by substantial evidence. (*Id.* at PageID.1046).

1. ALJ's Consideration of Additional Evidence

Plaintiff argues the ALJ failed to consider additional medical evidence related to his IBS. He contends that if the ALJ considered this evidence, then it is "absolutely clear" the decision of the ALJ would have favored Plaintiff. (*Id.* at PageID.1045). The Commissioner argues the evidence submitted to the Appeals Council fails to satisfy the requirements of sentence six remand, because it is not new or material and there is no good cause for the failure to submit this evidence earlier. (ECF No. 22, PageID.1068-72).

To the extent that Plaintiff's request can be read as one for sentence six remand, this request should be denied. The Sixth Circuit "has repeatedly held that evidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (citing *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996)). That said, known as a sentence six remand pursuant to 42 U.S.C. § 405(g), the Court may remand the case for further

administrative proceedings if a plaintiff can show the evidence is "new" and "material" and that he had "good cause" for not presenting it in earlier proceedings. *Id.* at 357. According to § 405(g), "evidence is new only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.'" *Id.* (citing *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)). Evidence is "material" only if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Id.* (citing *Sizemore v. Sec'y of Health & Hum. Servs.*, 865 F.2d 709, 711 (6th Cir. 1988)). A plaintiff shows "good cause" by demonstrating a reasonable justification for failing to acquire and present the evidence for inclusion in the ALJ's hearing. *Id.* "'[G]ood cause' . . . is not established solely based on the fact that the new evidence was not generated until after the ALJ's decision; the Sixth Circuit has taken a 'harder line' on the good cause test." *Estrada v. Comm'r of Soc. Sec.*, 2017 WL 4106247, at *5 (E.D. Mich. Aug. 4, 2017) (citing *Oliver v. Sec'y of Health & Hum. Servs.*, 804 F.2d 964, 966 (6th Cir. 1986)).

Plaintiff did not adequately address the elements of sentence six remand. Plaintiff only notes Michigan Medicine and Michigan Medical Associates "could not provide medical records in time for the hearing" to explain how this evidence was unavailable during administrative proceedings. (ECF No. 18, PageID.1044). Plaintiff also offers a perfunctory explanation as to the evidence's materiality,

explaining it is "absolutely clear" that if the ALJ had access to these records he would have found for Plaintiff. (*Id.* at PageID.1045). Plaintiff did not engage with this new evidence or compare it to the evidence before the ALJ to explain its materiality. His argument is too underdeveloped to make a real argument for materiality. *Bass*, 499 F.3d at 513 n.3 ("Plaintiff is now asking us to go through one-hundred-twenty-two pages to determine…which of these new records are material…This in and of itself is likely inadequate development to constitute a real argument."). Finally, to show good cause, Plaintiff lays the blame at the feet of the ALJ, explaining that "the ALJ did not make any attempt to gather records from the outstanding medical sources," though "the ALJ was aware of this outstanding evidence." (*Id.* at PageID.1044). The burden to provide a complete record rests on the Plaintiff. *Foster*, 279 F.3d at 357 (citing *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 214 (6th Cir.1986)). That said, the ALJ did assist Plaintiff. The ALJ kept the record open thirty additional days to allow Plaintiff time to submit outstanding medical records. The ALJ also assured Plaintiff's counsel that he could ask for more time if needed. (ECF No. 15-4, PageID.380). No evidence was received after thirty days, so the ALJ proceeded with his decision. (ECF No. 15-2, PageID.61). Counsel's failure to timely supplement the record does not show good cause for sentence six remand. *Taylor v. Comm'r of Soc. Sec.*, 43 F. App'x 941, 943 (6th Cir. 2002) ("[T]here is absolutely no statutory or decisional

9

authority for [the] premise that the alleged incompetence of Taylor's first attorney constitutes 'good cause' in this context."). Thus, Plaintiff's claim should not be remanded for further review of the additional evidence.

2. Plaintiff's Allegations of Disability

Plaintiff argues his allegations of disability are supported by objective medical evidence, so this matter should be remanded. (ECF No. 18, PageID.1046). The Commissioner contends there is sufficient evidence to persuade a reasonable mind to support the ALJ's determination. (ECF No. 22 PageID.1063).

SSR 16–3p sets forth the standard for evaluating alleged limitations using a two-step process. 2017 WL 5180304, at *3 (Oct. 25, 2017). First, the ALJ determines whether the claimant has a medically determinable impairment that could reasonably be expected to produce the alleged symptoms. *Id*. The ALJ acknowledged that Plaintiff's impairments could reasonably be expected to cause his alleged symptoms. (ECF No.15-2, PageID.69).

Second, the ALJ must evaluate the intensity and persistence of alleged symptoms and determine whether the alleged symptoms limit the claimant's ability to work. SSR 16-3p at *3-4. When reviewing alleged symptoms, the ALJ must consider "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and

other persons; and any other relevant evidence in the individual's case record." *Id.* at *4; 20 C.F.R. §§ 404.1529(c)(3), 416.929.

Plaintiff offers a perfunctory argument to support his allegations of disability. After explaining the standard of review for allegations of disability, Plaintiff only offers: "applying this test to the medical evidence supports the Claimant's statements regarding difficulties which he experiences, and those difficulties would prevent him from engaging in work activity. Further, the time of work as a result of Mr. Bodnovits conditions are work preclusive based on the expert testimony." (ECF No. 18, PageID.1046). It is not clear which difficulties he is referring to or what medical evidence supports those difficulties. Plaintiff appears to argue Ms. Topcik's testimony confirms he cannot work. Unfortunately, Plaintiff did not clarify his arguments in a response to Defendant's motion for summary judgment. The undersigned cannot and will not attempt to infer his arguments. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (citations omitted). Remand is not warranted on this issue.

### F. Conclusion

Plaintiff has the burden of proof on his statements of error. *Walters v.*

*Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). Plaintiff has not shown legal error that would upend the ALJ's decision. For the foregoing reasons, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment (ECF No. 18), **GRANT** Defendant's motion for summary judgment (ECF No. 22), and **AFFIRM** the Commissioner of Social Security's decision.

## II.  PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 27, 2022	<u>s/Curtis Ivy, Jr.</u>
	Curtis Ivy, Jr.
	United States Magistrate Judge